# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

## COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

### Action Number

(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

## I.    PARTIES

A.    Plaintiff:

1.    (a) Matthew L. Thacker          (b) 1192173
           (Name)                              (Inmate number)

       (c) 1607 Planters Road
           (Address)

       Lawrenceville, Virginia-23868

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.**



B.    Defendant(s):

1.    (a) Michael Breckon (first name unknown) (b) Warden
           (Name)                              (Title/Job Description)
       (c) 1607 Planters Road                  Individually and in his official
           (Address)                           Capacities

       Lawrenceville, VA 23868

RECEIVED
MAY 26 2020
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

1

N.C.

2.  (a) Edmonds (First name Unknow) (b) Captain, Correctional officer
    (Name)                              (Title/Job Description)

    (c) 1607 Planters Road              Individually and in his official
        (Address)                       Capacities

    Lawrenceville, VA 23868

3.  (a) T. Green (First name Unknow) (b) Captain, Correctional officer, Unit Manager
    (Name)                              (Title/Job Description)  80 Building and RHU

    (c) 1607 Planters Road              Individually and in her official
        (Address)                       capacities.

    Lawrenceville, VA 23868

If there are additional defendants, please list them on a separate sheet of paper. Provide all
identifying information for each defendant named.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve
the complaint. If plaintiff does not provide a physical address for a defendant, that person
may be dismissed as a party to this action.**

## II.   PREVIOUS LAWSUITS

A.  Have you ever begun other lawsuits in any state or federal court relating
    to your imprisonment?    Yes [  ]    No [ x ]

B.  If your answer to "A" is Yes: You must describe any lawsuit, whether currently
    pending or closed, in the space below. If there is more than one lawsuit, you
    must describe each lawsuit on another sheet of paper, using the same outline,
    and attach hereto.

    1.   Parties to previous lawsuit:

    Plaintiff(s)_____

    Defendant(s)_____

    _____

    2.   Court (if federal court, name the district; if state court, name the county):

    _____

    3.   Date lawsuit filed:_____

    4.   Docket number:_____

B. Defendants

4. K. Reagans                          Assitant Warden
   (first name unknow)                 Individually and in
   1607 Planters Road                  his official
   Lawrenceville, Virginia 23868          Capacities


5. Harold Clarke                       Director of Virginia
   6900 Atmore Drive                   Department of Corrections
   Richmond, Virginia 23225            Individually and in his
                                       official capacties

## JURISDICTION AND VENUE

1    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declary relief ~~pursa~~ pursuant to 28 U.S.C. Section 2283 and 2284 and rule 65 of the Federal Rules of Civil Procedure.

2    The United States District Court for the Eastern District of Virginia is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events given rise to the claim occured.

## PLAINTIFF

3    Plaintiff, Matthew Lewis Thacker, is and was at all times mentioned herein a prisoner of the state of Virginia in the custody of the Virginia Department of Corrections. He is currently confined in Lawrenceville Correctional Center in Lawrenceville, Virginia, a privately owned prison owned by Global Experts and Outsourcing. (GEO)

## DEFENDANTS

4    Defendant Michael Breckon is the Warden of

4

Lawrenceville Correctional Center. He is legally responsible for the operation of Lawrenceville Correctional Center. and for the welfare of all the inmates in the prison.

5.      Defendant, Edmonds is a Correctional officer of GEO, at all times mentioned in this complaint, held the rank of Captain and was assigned to Lawrenceville Correctional Center. N.C. Edmonds

6.      Defendant, T. Green is a correctional officer of GEO and the Unit Manager of 80 building and the Restricted Housing Unit (RHU) at Lawrenceville Correctional Center. At all times mentioned in this complaint held the position of captain and unit manager of 80 building and was assigned to Lawrenceville Correctional Center.

7.      Defendant, K. Reagans is the assistant warden of Lawrenceville Correctional Center and at all times mentioned in this complaint held the position of Assistant Warden.

8.      Defendant, Harold Clarke is the director of the Virginia Department of Corrections and at all times held this position When Mentioned in this complaint.

9+0   Each defendant is sued individually and in his/her official capacity. At all times mentioned in this Complaint each defendant acted under color of state law.

# CERTIFICATION

I declare under penalty of perjury that:
1. No attorney has prepared, or assisted in the preparation of this document.

Matthew Lewis Thacker

Matthew L. Thacker

Executed on: April 22, 2020

6

## Qualified IMMUNITY

#10 X. No defendants have qualified immunity or any other
10  immunity who are employed by Global Experts and Out-
Sourcing (GEO) Group. a private for profit prison group,
Managing Lawrenceville Correctional Center 1607 Planters
Road Lawrenceville, Virginia 23868

#11 2. This Circuit holds, "Official who acts completely
11  outside the scope of her authority as clearly limited by
Statutes and regulation is not entitled to immunity." In
re Allen, 106 F. 3d. 582, 522-97 (4th Cir. 1997).

#12 3. Officials who violate regulations or state law loose
12  their immunity, because they are no longer performing dis-
cretionary functions.

#13 4. "Willful Ignorance"; requiring actual knowledge of
13  relevant facts to overcome immunity in all cases would
allow states actors to "trample" on the constitutional
rights of citizens by maintaining willful ignorance." Jones
v Wilhelm, 425 F. 3d 455, 461 (7th Cir 2005)

#14 5. "... the question of qualified immunity Should be
14  decided by a jury" Willingham v. Cooke, 412 F. 3d 533, 559,
60 (4th Cir 2005)

#15 6. The United States Supreme Court in Richardson v. Knight,
15  521 US 399, 412, 117 S. Ct. 2100, 2018, 138 LED 2d 540, 542
(1997) "holds that prison guards at a privatized prison are
not entitled to qualified immunity unlike prison guards who
are employed by the government; also holding there is no
reason to grant private guards government immunity."
Watt v. Cole, 504 US 158, 159, 112 S. Ct. 1827, 1829, 115
Led 2d 504, 509 (1992)

7

5.   Name of Judge to whom case was assigned: _____

_____

6.   Disposition (Was case dismissed?  Appealed?  Is it still pending?  What relief was granted, if any?) :

_____

_____

## III.   GRIEVANCE PROCEDURE

A.   At what institution did the events concerning your current complaint take place:

Lawrenceville Correctional Center _____

B.   Does the institution listed in "A" have a grievance procedure?  Yes [ x ]  No [   ]

C.   If your answer to "B" is Yes:

1.   Did you file a grievance based on this complaint?  Yes [ x ]  No [   ]   See exibits A, A-1 and B,E and F

2.   If so, where and when: Lawrenceville Correctional Center 11/05/2019

3.   What was the result? Grievance was denied on intake. The grievance was never logged. Never made it past intake.

4.   Did you appeal?  Yes [ x ]  No [   ]

5.   Result of appeal: Appeal was also denied. Upheld the intake decision of the grievance coordinator at Lawrenceville.

D.   If there was no prison grievance procedure in the institution, did you complain to the prison authorities?  Yes [   ]  No [   ]

If your answer is Yes, what steps did you take? _____

_____

E.   If your answer is No, explain why you did not submit your complaint to the prison authorities:

_____

_____

## IV.   STATEMENT OF THE CLAIM

State here the facts of your case.  Describe how each defendant is involved and how you were harmed by their action.  Also include the dates, places of events, and constitutional amendments you allege were violated.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets if necessary.

16  COUNT ONE: BREACH OF DUTY TO PROTECT

On or about June 12, 2016 plaintiff was transferred to Lawrenceville Correctional Center and housed in 42 pod one of the housing units in 40 building. Upon information and belief the worst building on the south side of Lawrenceville Correctional Center. Where plaintiff suffered immense stress and anxiety from other inmates, robbing and using vulgar slurs and threats about his charges.

17  Plaintiff has been to the restrictive housing unit or RHU a total of six times because of being battered, robbed, assaulted, or harassed by the other inmates because of his charges. This has caused severe anxiety and stress to a point where plaintiff cannot live in general population without being afraid or paranoid about being attacked or robbed.

8-9

18      On or about August 10, 2019 staff moved inmate Steve Foster into 72 121 the cell that the plaintiff was housed in, in 72 pod. The housing Unit in 70 building.

19      On or about September 15, 2019 inmate Steve Foster expressed to the plaintiff that he did not like him in the cell with him. This caused severe anxiety and stress and a feeling of being "trapped" because of past experience of inmates battering, robbing, assulting or harassing plaintiff.

20      Upon information and belief, Steve Foster has multiple assult and batteries on his institutional record causing even more fear and anxiety to the plaintiff.

21      On or about September 20, 2019, plaintiff went to the counselor of 70 building to try to get moved to an empty cell in 72 pod, because 70 building did not have an unit manager to do cell moves at that time. I was told that the cell was reserved. This caused more anxiety and being "trapped" in this bad situation with the plaintiff's cellie (cell partner)

22      On or about September 23, 2019, defendant, Michael Breckon the warden at Lawrenceville Correctional Center posted a memo on the "green screen" (an informational channel on the cabel system at Lawrenceville Correctional Center) freezing all moves except medical and treatment purposes

moves until January 2020.

23.  On or about October 1, 2019, defendant Edmonds [N.C.] became acting unit manager and on three different occasions from October 1, 2019 through October 15, 2019 the plaintiff went to defendant Edmonds [N.C.] expressing that he was in 72 pod with Steven Foster in 72 121 and was in a stressful situation and experienced experiencing great anxiety and stress being housed with Steve Foster. Also expressing that the plaintiff had been threatened by Steve Foster in the cell. Defendant Edmonds [N.C.] stated to plaintiff "See me in the building."

24.  On or about October 3, 2019, defendant Edmonds [N.C.] came into 72 pod, one of the housing units in 70 building and the plaintiff approached him again telling defendant Edmonds [N.C.] that Mr. Foster had threatened the plaintiff and asked defendant Edmonds [N.C.] to move plaintiff to a different cell. Defendant Edmonds [N.C.] stated to plaintiff, "There is nothing I can do, the warden has froze cell moves."

25.  On October 4, 2019 plaintiff sent a request form to defendant Michael Breckon asking him to allow defendant Edmonds to move plaintiff to another cell. (See Exibit A-1 through B) Defendant Michael Breckon did not give that permission.

26.  Upon information and belief defendant Michael Breckon

27
26  did not do any type of investigation into plaintiff's
situation with his cell partner, informal or formal.
This took the plaintiff's liberty intrest away to
express his concerns. Defendant Michael Breckon
basically ignored plaintiff's concern.

27      On October 15, 2019 the entire 72 pod
went to the gym in the support building at Law-
renceville Correctional Center, because there were
outside contractors in 72 pod remodeling the
showers. The plaintiff went into the religious library
(another room in the same building where the gym is)
and started watching a video on the T.V.s in the
library.

28      On October 15, 2019, Steve Foster entered the
religious library where plaintiff was and commited
assult and battery against the plaintiff without
provocation. Striking the plaintiff in the face with
his fist and stating "Don't do that again." Knocking
the plaintiff to the ground from the chair causing
brusing to the plaintiff's tail bone (See exibit
When the plaintiff was on the ground, Mr. Foster
picked up the chair and throwed it at the plaintiff
striking him in the head causing injury to plaintiff's
forehead. (See exibit

29      On October 15, 2019 inmate Michael Benyo

#12

29    was in the religious library performing his job duties and witnessed the altercation between the plaintiff and Steve Foster. Attached to this complaint is Michael Benyo's declaration of the actions that happen On October 15, 2019.

30    On October 15, 2019 the plaintiff went to the RHU (segregation) and the plaintiff was released from RHU and housed in 62 pod. Upon information and belief 60 building is the worst building on the north side of Lawrenceville Correctional Center. In 62 pod plaintiff continued to experience anxiety and stress in the same manner mentioned earler in this complaint.

31    On December 13, 2019 plaintiff sent request forms to defendant T. Green requesting to move to 80 building with inmate L. Reeder that the plaintiff was in 62 pod with. Defendant T. Green ignored the request not even responding to plaintiff's requests (See exibits D1- through D-3)

32    On or about January 23, 2019 2020 plaintiff was in an altercation with a know "Crypt" gang member while housed in 62 pod. While the plaintiff was performing his job duties in the pod. This brought a feeling of dispair and fear to the plaintiff afraid of "being beat up" in

13

32  the pod. About 20 minutes later plaintiff entered his cell and was followed in and struck in the face by the gang member that just had words with the Plaintiff.

33  On or about January 23, 2020 the plaintiff feared for his safety and feared being robbed and jumped by the "Crips" in the pod. So the plaintiff went to the RHU for his own safety. This situation caused the plaintiff a lot of stress and anxiety.

34  On January 29, 2020, plaintiff on the bulevard of Lawrenceville Correctional Center spoke to defendant K. Reagans about wanting to find a cell partner that the Plaintiff could get along with and compatible with

35  Defendant K. Reagans, on January 29, 2020 stated to the plaintiff that, "I ~~coul~~ cannot allow bed moves to specific cells because of gangs 'clicking up'. That moves will be done to the next available cell according to their compatibility of age, time remaining on sentence and not putting someone that is overweight in the cell with someone that is not." (see exibit

36  On March 21, 2020, plaintiff sent an informal complaint and then regular grievance seeking relief from being "trapped" in situations with cell partners

14

36  that continue to cause harm to the plaintiff. (See exibit

37      Defendant, Harold Clarke, is responsible for the creation of Department of Corrections policies, specifically Operating Procedure 425.4 and 425.4 RH that governs cell housing of the inmates in the Virginia Department of Corrections.

15

## LEGAL CLAIMS

43
38   Defendant, Michael Breckon's refusal to move plaintiff, Matthew Lewis Thacker from Cell 72 121 was failure to protect and constituted cruel and unusal punishment under the Eighth Amendment of the United States Constitution.

44
39   Defendant, Michael Breckon's posting of the memo on the "green screen" (the information channel on the cabel System at Lawrenceville Correctional Center) violated plaintiff Matthew Lewis Thacker's rights and constituted a due process violation under the Fourteenth Amendment to the United States constitution.

45
40   Defendant, Edmonds N.C. refusal to move plaintiff, Matthew Lewis Thacker from Cell 72 121 was a failure to protect and constituted cruel and ~~usual~~ unusal punishment under the Eighth Amendment of the United States Constitution

46
41   Defendant, K. Reagans refusal to allow unit manager Malone of 70 building constituted cruel and unusal punishment for some inmates trying to move out of a hopeless situation, under the Eighth Amendment of the United States Constitution.

47
42   Defendant, T. Green refusal to move plaintiff, Matthew Lewis Thacker from 62 Pod was a failure to protect and constituted cruel and unusal punishment under the Eighth Amendment of the United States Constitution.

16

43   Defendant, Harold Clarke's writing of Operating Procedure 425.4 and 425.4RH constituted violations of the Eighth and Fourteenth Amendments of the United States Constitution.

44   The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

17

# PRAYER FOR RELIEF

45   WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff:

46        A declaration that the acts and omissions described herein violated plaintiff's rights under the constitution and laws of the United States.

47        A permanent ~~injuction~~ injunction ordering defendant Michael Breckon to stop posting memos to the "green screen" (an informational channel on the cabel system at Lawrenceville Correctional Center) that freezes all moves without due process.

48        A permanent injunction ordering defendant Harold Clarke to amend Operating Procedure 425.4, Management of Bed and Cell Assignments and Operating Procedure 425.4RH Management of Bed and Cell Assignments.

49        A permanent injunction ordering defendant Michael Breckon to allow the plaintiff to move to a cell of his choosing with a cell partner of his choosing.

50        Compensary damages in an amount that this court deems necessary against all defendants except Harold Clarke, jointly and severally.

51        Compensary damages in an amount this court

51  deems necessary against all defendants except Harold Clarke, jointly and Severally. For emotional distress the plaintiff suffered.

52      Punitive damages in an amount deemed necessary by this court against defendant N.C. Edmonds, Michael Breeden, K. Reagans and T. Green.

53      A jury trial on all issues triable by jury.

54      Any additional relief this court deems just, proper, and equitable

Dated: April 22, 2020

Respectfully Submitted
Matthew L. Thacker
Matthew Lewis Thacker #1192173
Lawrenceville Correctional Center
1607 Planters Road
Lawrenceville, Virginia 23868

VERIFICATION

55      I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct

Executed at Lawrenceville, Virginia on April 22, 2020

19

## V.   RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. __mlt__ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

_____ Award money damages in the amount of $_____

___✓___ Grant injunctive relief by _Amend O.P. governing housing assignments, et al._

___✓___ Other_Money damages that this Court deems necessary._

## VI.   PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

Lawrenceville Correctional Center

1607 Planters Road Lawrenceville VA. 23868

## VII.   CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:** Yes [X  ]  No [    ].  You may consent at any time; however, an early consent is encouraged.

## VIII.   SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this __22__ day of __April__, 20 _20_.

Plaintiff _Martin L. Charles_

## COMPLAINT NOR PLEADINGS ARE PREPARED BY COUNSEL

Thacker's complaint was not prepared by counsel.

'It is well settled law that the allegation of such a complaint 'However is artfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 US 519, 92 S. Ct. 594, 595, 30 Led 2d. 652 (1972) "Noting that pro se complaints must be read liberally Gomez V. USAA Fed. Sav. Bank, 171 F.3d 794 (2nd Cir. 1999) "agreeing with district courts liberal construction of pro se pleadings." Resnick V. Haynes, 213 F.3d 443, 466 (9th Cir. 2000) "Such a complaint should not be dismissed for failure to state a claim..." French V. Heyne, 547 F.2d 994, 996 (CA 7 1996)

"In considering a motion to dismiss for failure to state a claim, a plaintiff's weel-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff." Mylan Labs Inc. V. Matkari, 7 F. 3d, 1130, 1134 (4th Cir. 1993); see also Martin,980 F.2d at 952

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

CERTIFICATION

I declare under penalty of perjury that:
1. No attorney has prepared, or assisted in the
preparation of this document.

Matthew Lewis Thacker

Matthew L. Thacker

Executed on: April 22, 2020