IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Matthew L. Thacker, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Michael Breckon, et al., )<br>    Defendants. ) | 1:20cv609 (LO/TCB) |

MEMORANDUM OPINION & ORDER

Matthew L. Thacker, an inmate a Lawrenceville Correctional Center (LCC), has sued Harold Clarke, the Director of the Virginia Department of Corrections (VDOC), and two officials at LCC, Captain N. Edmonds, and D.D. Hicks, the Chief of Housing and Programs, claiming that they failed to protect him from harm while confined at LCC. See 42 U.S.C. § 1983; [Dkt. No. 21-1, hereinafter "Operative Compl."]. Clarke moves to dismiss the claims against him. [Dkt. No. 35]. Thacker, who is proceeding pro se, has received the notice required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Doc. No. 37], and he opposes Clarke's motion [Dkt. No. 42].[1] Because the complaint adequately alleges that Clarke is responsible in his policy-making capacity for the VDOC operating procedures used to make the housing determinations that failed to protect Thacker, Clarke's motion will be denied.

I. Background

In evaluating Clarke's motion to dismiss, the Court accepts as true the factual allegations in the operative complaint. See Lokhova v. Halper, 995 F.3d 134, 141 (4th Cir. 2021). Thacker

---

[1] Along with his opposition brief, Thacker filed what he labeled a "motion to withdraw motion for extension of time" to respond to Clarke's motion to dismiss. [Dkt. No. 41]. Because the Court had never received from Thacker a motion for an extension of time, the motion to withdraw will be denied as moot.

alleges that since he arrived at LCC in June 2016, he has been "battered, robbed, assaulted, or harassed" numerous times by other inmates because of his status as a sex offender. [Operative Compl. ¶ 9]. The complaint principally alleges that the defendants failed to protect Thacker from Steve Foster, who had a history of fighting with other inmates when he became Thacker's cellmate in mid-August 2019. [Id. ¶¶ 11–12]. During the first two weeks of October 2019, Thacker notified Captain Edmonds, the acting unit manager for Thacker's pod, three times that Foster had threatened to kill him because he does not like sex offenders, and Thacker requested a cell transfer. [Id. ¶¶ 15–16]. Edmonds denied the request because all inmate moves (except for medically necessary ones) were frozen until January 2020. [Id. ¶ 14, 17]. On October 15, Foster attacked Thacker, striking Thacker in the head with his fist, then throwing him to the ground and throwing a chair at him, which also struck Thacker in the head. [Id. ¶ 22].

Thacker casts blame on Clarke for writing VDOC Operating Procedure (OP) 425.4, which governs cell housing and inmate compatibility for VDOC inmates. Thacker alleges that the decision to house him with Foster—a known violent inmate—was permitted by following this operating procedure. OP § 425.4 is not available to the public, and Clarke has not submitted a copy in support of his motion to dismiss.

## II. Standard of Review

Clarke moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). A plaintiff can survive a motion to dismiss if the complaint alleges sufficient facts "to state a claim to relief that is plausible on its face." Bing v. Brivo Sys., 959 F.3d 605, 616 (4th Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). When a complaint is filed by a litigant proceeding pro se, like Thacker, the allegations must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S.

89, 94 (2007) (internal citation omitted). In addition to the allegations set forth in the complaint, exhibits attached to the complaint may be considered. See Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016).

### III. Motion to Dismiss

Clarke principally argues that the complaint fails to state a claim for relief against him because it does not allege that Clarke was personally involved in the alleged violation of Thacker's constitutional rights. Clarke purports to rely on Vinnedge v. Gibbs, 550 F.2d 926, 994 (4th Cir. 1977), arguing that the complaint must allege that Clarke "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated," but it does not.

This quote from Vinnedge does not convince the Court that the claim against Clarke must be dismissed for failure to state a claim for relief. In fact, the quote does not even appear in Vinnedge, nor in any other Fourth Circuit opinion the Court can find. Instead, it appears that Clarke meant to cite Vance v. Peters, 97 F.3d 987, 994 (7th Cir. 1996). But the analytical framework used by the Seventh Circuit is only persuasive authority here. And there is a Fourth Circuit opinion directly on point, which this Court is bound to follow. In Gordon v. Schilling, 937 F.3d 348 (4th Cir. 2019), the Fourth Circuit held that high-level VDOC officials, like Clarke, may be held liable in a § 1983 action for policymaking decisions, which is precisely what Thacker targets in the claim against Clarke. Specifically, the Fourth Circuit concluded that the VDOC's Chief Physician "may not escape liability by claiming that he did not know the identities of the inmates who would suffer under his policies." Id. at 362. Ruling otherwise, the Fourth Circuit continued, "would encourage prison officials to turn a blind eye to the real-world consequences of their policymaking and permit them to escape liability for constitutional harms

3

caused by their decisions." Id. The Court therefore concludes that Clarke's argument is foreclosed by Gordon and, accordingly, must deny the motion to dismiss. The Court makes no ruling on the constitutionality of OP § 425.4 —which is not in the record—on its face or as applied to Thacker. The Court holds only that the complaint states a claim for relief against Clarke for his role in creating the policy allegedly used to make the housing decisions that violated Thacker's constitutional rights.

Accordingly, it is hereby

ORDERED that defendant Clarke's motion to dismiss [Dkt. No. 35] be and is DENIED. Clarke is further directed to file, or explicitly decline to file, a motion for summary judgment or other appropriate dispositive motion within thirty (30) days of the entry date of this Order; and it is further

ORDERED that plaintiff's motion to withdraw motion for extension of time [Dkt. No. 41] be and is DENIED as moot.

The Clerk is directed to send a copy of this Order to Plaintiff and to counsel of record for defendants.

Entered this 18th day of January 2022.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge